Toledo Bar Association *v.* Ishler.

(D. D. No. 74-2—Decided December 31, 1975.)

*Mr. Walter M. Lehman* and *Mr. Arthur F. Raker*, for relator.

*Mr. Loren G. Ishler*, pro se.

*Per Curiam.* A reading of the transcript of proceedings before the Special Master Commissioner reveals that during the period extending from September 1974, through February 1975, respondent engaged in a devious scheme by utilizing "assignments" of certain claims "purchased" by promissory notes providing for a split of amounts collected and containing a condition rendering said notes "null and void" if nothing was collected on the claim, and further providing on the same document for a "reassignment" to

the assignor at the option of respondent. The testimony reveals, and respondent stipulates, that this conduct was employed so that he might institute legal proceedings in the Toledo Municipal Court in his name as "Assignee," acting as "Attorney pro se." An exhibit in the form of a Municipal Court file was stipulated into the record as typical of the procedure, containing a "Complaint," instructions to the clerk, the "Summons," "Application and Entry for Default Judgment," "Judgment Entry" and a copy of the "Assignment" to the respondent. We are satisfied that the procedure employed by the respondent was an attempt to do by indirection that which he acknowledged he could not do directly by reason of his indefinite suspension from the practice of law.

The record and stipulations by the respondent, including the advice he sought from lawyers in his acquaintance, clearly indicate a course of conduct contrived to circumvent the July 3, 1974, order of this court indefinitely suspending him from the practice of law in Ohio and, as such, constitute acts of contempt of this court in violation of R. C. 2705.02(A).

Therefore, we confirm the report and recommendation of the Special Master Commissioner. Respondent is adjudged to be in contempt of this court.

Respondent may yet purge himself of such contempt by demonstrating, by his affidavit to this court, that he has assigned back all the accounts in question together with any similar accounts which he may have pending, within 20 days of receipt of this order.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.